## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| WILLIAM E. DOYLE | * | NO. _____ |
| VS. | * | SECTION _____ MAG. _____ |
| BISSO MARINE CO., INC. | * | |

---

### PLAINTIFF'S ORIGINAL COMPLAINT

---

**NOW INTO COURT,** through undersigned counsel of record, comes Plaintiff, **WILLIAM E. DOYLE,** complaining of Defendant, **BISSO MARINE CO., INC.,** and, for cause of action, would respectfully show this Honorable Court as follows:

### I.
### PARTIES

1. Plaintiff, **William E. Doyle**, is a U. S. Citizen, and a resident of the Parish of Terrebonne, State of Louisiana; and

2. Defendant, **Bisso Marine Co., Inc.,** is a domestic corporation, authorized to do and doing business in this Division and in the State of Louisiana, for the purpose of accumulating monetary profit, and may be served with process through its registered agent, C T Corporation System, 5615 Corporate Blvd., Suite 400B, Baton Rouge, LA  70808.

1

## II.
## JURISDICTION

This is a case of admiralty and maritime jurisdiction, brought pursuant to 28 U.S.C.

§ 1333, the General Maritime Law and the Jones Act now codified at 46 U.S.C. § 30104.

## III.
## VENUE

Venue is proper in this matter pursuant to the admiralty and maritime laws of the

United States, Rule 82 FRCP.

## IV.
## BACKGROUND

At all times material hereto, Plaintiff, William E. Doyle, was employed by Coastal

Catering, LLC, as a Jones Act Seaman and cook/steward assigned to the M/V MIGHTY

CHIEF, operating in navigable waters of the United States of America.

At all times material hereto, Defendant, Bisso Marine Co., Inc., was the owner and

operator of a certain lay barge, operating in navigable waters of the United States of

America, in Cameron Parish, State of Louisiana, and had contracted with Coastal Catering,

LLC to provide catering services for those working on said barge.

On or about April 17, 2011, due to rough seas, Bisso Marine Co., Inc., through its

employees, was preparing to remove personnel from the lay barge onto the deck of the

2

M/V MIGHTY CHIEF, and had provided a crane and a crane operator to operate the personnel basket so as to move workers from the lay barge to the deck of the M/V MIGHTY CHIEF.

As Plaintiff was being lowered in the personnel basket, in rough seas, the personnel basket struck the deck of the vessel, came back up about 6 feet, and then went back down again, causing Plaintiff to fall onto his lower back, causing severe and disabling injuries to his person.  Said injuries were caused in whole or in part by the negligence of Defendant, their agents, servants and/or employees, particularly by the negligence of the crane operator who was non-certified as a crane operator, and/or was legally caused by the unseaworthiness of Defendant's vessel.

## V.
## DAMAGES

By reason of the occurrence made the basis of this action, including the conduct on the part of Defendant, their agents, servants and/or employees, Plaintiff sustained severe bodily injuries.  Plaintiff has suffered physical pain and mental anguish which may ultimately require back surgery and, in reasonable medical probability, Plaintiff will continue to suffer physical pain and mental anguish  for the balance of his natural life.

As a result of the foregoing injuries, Plaintiff has suffered a loss of wages, in the past, and a loss of capacity to work and earn money in the future and, in reasonable probability, his earning capacity has been impaired permanently.

Additionally, Plaintiff has incurred reasonable and necessary medical expenses in the past and, in reasonable probability, will incur reasonable medical expenses in the future.

As a result of the injuries sustained in the occurrence, Plaintiff has suffered in the past and will, in reasonable medical probability, continue to suffer permanent physical impairment.

Plaintiff is physically impaired as a result of said injuries.  As a consequence, he has lost the ability to perform household services and, in reasonable probability, this loss is permanent.

Pleading further, in the alternative, if it be shown that Plaintiff was suffering from some pre-existing injury, disease and/or condition, then such was aggravated and/or exacerbated as a proximate result of the occurrence made the basis of this lawsuit.

## VII.
## JURY

Plaintiff requests, and is entitled to, a trial by jury on all issues involved herein.

4

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff, William E. Doyle, prays for judgment against Defendant, Bisso Marine Co., Inc., for damages as are reasonable in the premises, together with legal interest thereon, from date of judicial demand until paid, and for all costs of these proceedings;

For all such other and further relief, at law and in equity, to which Plaintiff may be justly entitled; and

For a trial by jury on all issues herein.

RESPECTFULLY SUBMITTED:


/s/ Mary W. Riviere
**HUNT B. DOWNER, JR. (# 05046)**
**MARY W. RIVIERE (#  19201)**
**WAITZ & DOWNER**
423 Goode Street
Houma, Louisiana 70360
Telephone: (985) 876-0870
Facsimile:  (985) 876-0213
Attorneys for Plaintiff

**PLEASE SERVE:**

**BISSO MARINE CO., INC.**
Through its registered agent for service of process:
**C T Corporation System**
5615 Corporate Blvd., Suite 400B
Baton Rouge, LA   70808

5